Electronically Filed
10/5/2017 9:12 AM
Fourth Judicial District, Ada County
Christopher D. Rich, Clerk of the Court
By: Katie Holden, Deputy Clerk

Jason R.N. Monteleone
JOHNSON & MONTELEONE, L.L.P.
350 N. 9th St., ste. 500
Boise, Idaho 83702
Telephone: (208) 331-2100
Facsimile: (208) 947-2424
jason@treasurevalleylawyers.com
Idaho State Bar No. 5441

Attorneys for Plaintiff

# IN THE DISTRICT COURT OF THE FOURTH JUDICIAL DISTRICT FOR THE STATE OF IDAHO, IN AND FOR THE COUNTY OF ADA

| | |
|---|---|
| Karl M. Persons,<br><br>Plaintiff<br><br>v.<br><br>E. R. Squibb & Sons, L.L.C, d/b/a Bristol-Myers Squibb Pharmaceutical Group, a New Jersey Corporation, and John and Jane Does I through X, whose true identities are presently unknown,<br><br>Defendants | Case No. CV01-17-18452<br><br>COMPLAINT AND DEMAND FOR JURY TRIAL |

COMES NOW Plaintiff, Karl M. Persons, by and through his attorneys of record, Johnson & Monteleone, L.L.P., and for cause(s) of action against Defendants alleges as follows:

## FACTS COMMON TO ALL CAUSES OF ACTION

I.  Plaintiff, Karl M. Persons, currently is, and at all times relevant to this action was, a resident of Nampa, Canyon County, Idaho.

COMPLAINT AND DEMAND FOR JURY TRIAL - 1



II. Defendant, E. R. Squibb & Sons, L.L.C., d/b/a/ Bristol-Myers Squibb Pharmaceutical Group, currently is, and at all times relevant to this action was, a New Jersey corporation organized under the laws of the state of New Jersey and authorized to engage in commerce by that state. E. R. Squibb & Sons, L.L.C.'s corporate offices are located at: Route 206 & Provinceline, Princeton, New Jersey 08540.

III. Defendants, John/Jane Does I through X, are individuals or entities, political, corporate, or otherwise, whose true identities are unknown at the present time, but who engaged in activities and conduct set forth herein. Alternatively, John/Jane Does I through X are individuals or entities who are now, or at the material and operative times were, the agents, employees, independent contractors, subdivisions, franchisees, wholly-owned subsidiaries, or divisions of Defendants herein, or are individuals or entities acting on behalf of, or in concert with, the other Defendants named herein.

IV. Plaintiff was prescribed Zerit, which was filled by Plaintiff as prescribed by his physician, by a generic product, a drug manufactured by Defendants, which Plaintiff took for a period of time.

V. The prescription drug, Zerit, caused Plaintiff to encounter near fatal pancreatitis.

## FIRST CAUSE OF ACTION – STRICT LIABILITY

VI. Plaintiff realleges the foregoing paragraphs as though set forth *in haec verba*.

VII. Defendants were at all relevant times engaged in the business of marketing, selling, manufacturing, and testing, the drug Zerit in question within the stream of commerce.

VIII. Defendant expected the drug Zerit to reach Plaintiff or others similarly-situated without substantial change from the condition in which it was sold.

IX. The drug Zerit did reach Plaintiff without substantial change from the condition in which it was sold and had been manufactured by Defendants.

X. The drug Zerit was unsafe for the foreseeable use by Plaintiff and was otherwise defective and unreasonably dangerous.

XI. Defendants' acts and the unreasonably dangerous condition and nature of the drug Zerit were the proximate cause of and directly resulted in or substantially contributed to Plaintiff's severe injuries and for which injuries Defendants are strictly liable pursuant to I.C. §6-1401, *et seq*.

## SECOND CAUSE OF ACTION - DEFECTIVE DESIGN

XII. Plaintiff realleges the foregoing paragraphs as though set forth *in haec verba*.

XIII. The drug Zerit was unreasonably dangerous and in a defective condition when put to a reasonably anticipated use.

XIV. Defendants failed to use ordinary care in the manufacture and testing of the drug Zerit and thereby created an unreasonable risk of foreseeable injury to Plaintiff.

XV. Defendants' acts were the proximate cause of and directly resulted in or substantially contributed to Plaintiff's severe injuries and for which injuries Defendant is strictly liable pursuant to I.C. §6-1401, *et seq*.

COMPLAINT AND DEMAND FOR JURY TRIAL - 3

## THIRD CAUSE OF ACTION - NEGLIGENT MANUFACTURE

XVI     Plaintiff realleges the foregoing paragraphs as though set forth *in haec verba.*

XVII.    The drug Zerit manufactured by Defendant was unreasonably dangerous and in a defective condition when put to a reasonably anticipated use.

XVIII.   Defendants failed to use ordinary care in the manufacture of the drug Zerit and thus caused an unreasonable risk of foreseeable injury to Plaintiff.

XIX.     Defendants' acts directly and proximately resulted in or substantially contributed to Plaintiff's severe injuries.

## FOURTH CAUSE OF ACTION - FAILURE TO WARN

XX.      Plaintiff realleges the foregoing paragraphs as though set forth *in haec verba.*

XXI.     Defendants failed to adequately warn of the dangers arising from taking the drug Zerit or failed to give proper notice and instructions as to the defects and dangers of the drug Zerit.

XXII.    Defendants knew or had reason to know that the drug Zerit was unreasonably dangerous when being used with ordinary care and in the manner used by Plaintiff.

XXIII.   Alternatively, Defendants learned that the drug Zerit was unreasonably dangerous when being used with ordinary care and in the manner used by Plaintiff and did not warn him of those dangers.

XXIV.    Defendants' acts and/or failures to act directly and proximately resulted in or substantially contributed to Plaintiff's severe injuries.

## FIFTH CAUSE OF ACTION - NEGLIGENCE

XXV. Plaintiff realleges the foregoing paragraphs as though set forth *in haec verba*.

XXVI. Defendants failed to exercise ordinary care in marketing, designing, manufacturing, testing, and/or selling the drug Zerit.

XXVII. Defendants negligently failed to warn Plaintiff of any of the dangers faced when determining whether to use the drug Zerit including, but not limited to, near fatal pancreatitis and Type I diabetes and diabetic heart disease.

XXVIII. Defendants negligently manufactured, distributed, delivered, marketed, and/or sold a dangerous and defective product.

XXIX. Defendants' negligent behavior set forth herein directly and proximately resulted in, or substantially contributed to, Plaintiff's severe injuries.

## SIXTH CAUSE OF ACTION - BREACH OF EXPRESS WARRANTY

XXX. Plaintiff realleges the foregoing paragraphs as though set forth *in haec verba*.

XXXI. Defendants, by means of documents and other promotional materials, and other means, expressly warranted to the consuming public, including Plaintiff, that the drug Zerit was safe for its intended use.

XXXII. Defendants breached their express warranty in that the drug Zerit was not as it was warranted to be but was, in fact, unsafe, dangerous, and defective.

XXXIII. The aforedescribed breaches of express warranties directly and proximately resulted in, or substantially contributed to, Plaintiff's severe injuries.

## SEVENTH CAUSE OF ACTION - BREACH OF IMPLIED WARRANTY

XXXIV. Plaintiff realleges the foregoing paragraphs as though set forth *in haec verba*.

XXXV. Defendants impliedly warranted that the drug Zerit was merchantable and fit for its particular and intended purposes.

XXXVI. Plaintiff relied upon Defendants' skill, representations, and judgment in utilizing the drug Zerit and reasonably relied on the safety of their drug Zerit based on representations of Defendants.

XXXVII. Defendants breached the implied warranties in that the drug Zerit was not as it was warranted to be but was, in fact, unsafe, dangerous, and defective.

XXXVIII. The aforedescribed breaches of implied warranties directly and proximately resulted in, or substantially contributed to, Plaintiff's severe injuries.

XXXIX As a direct and proximate result of the acts and omissions of Defendants, Plaintiff has been required to retain the services of Johnson & Monteleone, L.L.P., in connection with the prosecution of this action and requests an award of his attorney fees and costs incurred in the prosecution and maintenance of the instant action.

WHEREFORE, Plaintiff prays judgment against Defendants as follows:

1. Special damages, stemming from personal injuries, in an amount as may be proven at trial which are reasonable in the premises and meet the jurisdictional threshold of this Court;

2. General damages for pain and suffering, emotional distress, loss of enjoyment of life, disfigurement, and physical impairment in amounts that may be proven at trial;

3. For leave to amend this complaint to add additional causes of action based upon the outcome of discovery;

4. For Plaintiff's reasonable costs and attorneys fees incurred herein; and

5. For such other and further relief as this Court deems just and equitable.

DATED: This 29th day of September, 2017.

JOHNSON & MONTELEONE, L.L.P.

*[signature]*

Jason R. N. Monteleone
Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Pursuant to I.R.C.P. 38(b), Plaintiff hereby demands a trial by jury on any and all issues properly triable by jury in this action.

DATED: This 29th day of September, 2017.

JOHNSON & MONTELEONE, L.L.P.

*[signature]*

Jason R. N. Monteleone
Attorneys for Plaintiff

Electronically Filed
10/5/2017 9:12 AM
Fourth Judicial District, Ada County
Christopher D. Rich, Clerk of the Court
By: Katie Holden, Deputy Clerk

Jason R.N. Monteleone
JOHNSON & MONTELEONE, L.L.P.
350 N. 9th St., ste. 500
Boise, Idaho 83702
Telephone: (208) 331-2100
Facsimile: (208) 947-2424
*jason@treasurevalleylawyers.com*
Idaho State Bar No. 5441

Hoagland, Samuel

Attorneys for Plaintiff

## IN THE DISTRICT COURT OF THE FOURTH JUDICIAL DISTRICT FOR THE STATE OF IDAHO, IN AND FOR THE COUNTY OF ADA

| | |
|---|---|
| Karl M. Persons,<br><br>Plaintiff<br><br>v.<br><br>E. R. Squibb & Sons, L.L.C, d/b/a Bristol-Myers Squibb Pharmaceutical Group, a New Jersey Corporation, and John and Jane Does I through X, whose true identities are presently unknown,<br><br>Defendants | Case No. CV01-17-18452<br><br>SUMMONS |

**NOTICE: YOU HAVE BEEN SUED BY THE ABOVE-NAMED PLAINTIFF. THE COURT MAY ENTER JUDGMENT AGAINST YOU WITHOUT FURTHER NOTICE, UNLESS YOU RESPOND WITHIN TWENTY (20) DAYS. READ THE INFORMATION BELOW.**

### TO: DEFENDANTS NAMED ABOVE

You are hereby notified that in order to defend this lawsuit, an appropriate written response must be filed with the above-designated court within twenty (20) days of service of this Summons on you. If you fail to so respond the court may enter judgment against you as demanded by the plaintiff in the Complaint.

A copy of the Complaint is served with this Summons. If you wish to seek the advice of or representation by an attorney in this matter, you should do so promptly so

SUMMONS - 1

that your written response, if any, may be filed in time and other legal rights may be protected.

An appropriate written response requires compliance with Rule 10(a)(1) and other Idaho Rules of Civil Procedure and shall also include:

1. The title and number of this case.

2. If your response is an Answer to the Complaint, it must contain admissions or denials of the separate allegations of the Complaint and other defenses you may claim.

3. Your signature, mailing address, and telephone number, or the signature, mailing address, and telephone number of your attorney.

4. Proof of mailing or delivery of a copy of your response to plaintiff's attorney, as designated above.

5. An Answer to the Complaint must be filed with the <u>Ada County Court</u> at the following location:

>Christopher D. Rich
>Clerk of the Court
>Ada County Courthouse
>200 W. Front Street
>Boise, Idaho 83702
>Telephone: (208) 287-6900

To determine whether you must pay a filing fee with your response, contact the Clerk of the above-named court.

DATED: _____10/5/2017 9:12 AM_____.

CHRISTOPHER D. RICH
CLERK OF THE DISTRICT COURT
By: _____
Deputy Clerk

SUMMONS - 2